**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-30060 |
| Plaintiff-Appellee, | D.C. No. 9:12-cr-00036-DWM-1 |
| v. | |
| CHRISTIN DIANNE DIDIER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, Senior District Judge, Presiding

Submitted August 29, 2016**
Seattle, Washington

Before: HAWKINS, and McKEOWN, Circuit Judges, and EZRA,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**      The  panel  unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\***      The Honorable David A. Ezra, Senior United States District Judge for the
District of Hawaii, sitting by designation.

Defendant-Appellant Christin Dianne Didier was convicted by a jury of her peers for seven counts of mail fraud in violation of 18 U.S.C. § 1341, and one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 371. The district court sentenced Didier to pay $213,163.25 in restitution. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the legality of an order of restitution. *United States v. Luis*, 765 F.3d 1061, 1065 (9th Cir. 2014). We review the restitution order itself for abuse of discretion. *United States v. Gordon*, 393 F.3d 1044, 1051 (9th Cir. 2004). We affirm.

**1.** The district court did not err in ordering Didier to pay restitution. Didier, through fraud, committed a crime against property, and caused losses to a victim: Pacific Indemnity Company, Chubb Group of Insurance Companies ("Chubb"). The Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, "requires a district court, in sentencing a defendant convicted of . . . an offense against property committed by fraud, *see* 18 U.S.C. § 3663A(c)(1)(A)(ii), to order restitution to each victim 'in the full amount of each victim's losses.'" *United States v. Rizk*, 660 F.3d 1125, 1136 (9th Cir. 2011) (quoting 18 U.S.C. § 3664(f)(1)(A)).

**2.** The district court did not err in determining that the civil settlement agreement Didier and Chubb signed pursuant to a bankruptcy suit, releasing each party from liability, did not absolve Didier of any obligation to pay criminal restitution. A civil

release of liability does not preclude further criminal liability for an offense, and civil settlements and criminal restitution orders serve largely different interests. *Rizk*, 660 F.3d at 1136–37. For example, a bankruptcy settlement allows "the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims," *United States v. Edwards*, 595 F.3d 1004, 1012 (9th Cir. 2010) (quoting *In re A & C Props.*, 784 F.2d 1377, 1380–81 (9th Cir. 1986)), whereas "a purpose of criminal restitution is to penalize," *Rizk*, 660 F.3d at 1137, and to make the victim whole. *See United States v. Nosal*, --- F.3d ---, 2016 WL 3608752, at \*17 (9th Cir. 2016).

**3.** The district court did not err when it included in the restitution order the investigative costs and attorney's fees Chubb expended to investigate Didier's fraud. The inclusion of such costs is not an abuse of discretion, so long as the costs are a "'direct and foreseeable result' of the defendant's wrongful conduct," *Gordon*, 393 F.3d at 1057 (quoting *United States v. Phillips*, 367 F.3d 846, 863 (9th Cir. 2004)), and are reasonably spent to determine the extent of the crime. *See United States v. Waknine*, 543 F.3d 546, 556–59 (9th Cir. 2008) (vacating restitution award and remanding for determination that investigative costs and attorney's fees were incurred in aid of the investigation rather than to impermissibly shield others from prosecution). Chubb's investigative costs, which included inspections, travel,

personnel costs, and attorney's fees, were reasonably spent to determine the extent of its losses, and were incurred as a direct result of Didier's fraudulent conduct.

**4**.　Didier makes a cursory argument that any restitution payments she is required to make should be paid to the Crime Victim's Fund rather than to Chubb. Chubb was not compensated by the Crime Victim's Fund for Didier's fraud, and this argument is not supported by legal authority. *See* 18 U.S.C. § 3664(j)(1) (authorizing restitution payments to a third party only where: (1) the third party directly compensated the victim for crime-related losses; and (2) the victim has received full compensation).

**AFFIRMED.**